**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | **Criminal No. 20-163** |
| | ) | |
| MITCHELL JOHNSON | ) | |

<u>**Opinion and Order on Pretrial Motions**</u>

Defendant Mitchell Johnson is charged in a one-count indictment with possession of a firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). ECF No. 6. Presently before the Court are the following pretrial motions filed by Mr. Johnson: Motion for Discovery, ECF No. 27; Motion to Disclose 404(b) Evidence, ECF No. 29; Motion for Bifurcated Trial, ECF No. 30; and Motion to Compel Production of <u>Brady</u> Material, ECF No. 31. Mr. Johnson has also filed a Motion to Suppress Evidence. ECF No. 26. An evidentiary hearing will be held at a later date to address said Motion.[1]

### I.    Motion for Discovery

In Mr. Johnson's Motion for Discovery he acknowledges that the government has turned over certain Rule 16 materials, however, the parties had not yet conferred regarding Mr. Johnson's additional discovery requests prior to the pretrial motion deadline. "Rule 16 of the Federal Rules of Criminal Procedure delineates the categories of information to which defendants are entitled in pretrial discovery in criminal cases, with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution."

---

[1] Due to the COVID-19 pandemic it is unknown at this time when the Court may schedule an in-person evidentiary hearing. A video evidentiary hearing, if consented to by Mr. Johnson, may be scheduled as soon as practical.

United States v. Ramos, 27 F.3d 65, 68 (3d Cir. 1994).  Federal Rule of Criminal Procedure 16(a)(1) requires the government, when requested by defendant, to disclose, within proscribed limits, Defendant's oral, written, or recorded statement (Rule 16(a)(1)(A) & (B)) and Defendant's prior record (Rule 16(a)(1)(D)).  In addition, pursuant to Rule 16(a)(1)(E) ("Documents and Objects"), upon the defendant's request, "the government must permit a defendant to inspect and to copy or photograph" said documents and objects as set forth in the Rule.  Fed. R. Crim. P. 16(a)(1)(E).  Similarly, when requested by defendant, the government must also permit the inspection, copying, or photographing of results or reports of any physical or mental examinations and scientific tests or experiments.  Fed. R. Crim. P. 16(a)(1)(F).  Finally, when requested, "the government must give to the defendant a written summary of any [expert] testimony that the government intends to use, . . . during its case-in-chief at trial," and the written summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."  Fed. R. Crim. P. Rule 16(a)(1)(G).  The government remains under a continuing duty to disclose any additional evidence it discovers.  Fed. R. Crim. P. 16(c).  "Information Not Subject to Disclosure," is described in Rule 16(a)(2), as follows:

> Except as permitted by Rule 16(a)(1)(A)-(D), (F), and (G), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case.

Fed. R. Crim. P. 16(a)(2).[2]

Mr. Johnson requests the following material:

a. Results of all social media platform searches undertaken by the Government in connection with the investigation of Defendant and any alleged co-actors in the events leading to the apprehension of the Defendant. This includes but is not

---

[2]  Rule 16(a)(2) also prohibits "the discovery or inspection of statements made by prospective government witnesses except as provided in [the Jencks Act] 18 U.S.C. § 3500."  Fed. R. Crim. P. 16(a)(2).  Mr. Johnson's request for Jencks Act material is addressed later in this Opinion.

limited to social media platforms including Facebook, LinkedIn, Instagram, TikTok, What'sApp, and all other sites.

b. Results of any and all scientific testing, including but not limited to fingerprint, DNA or any other analysis performed on any evidence in the course of the investigation of the Defendant, the alleged robbery that occurred leading to the apprehension of the Defendant, and of any evidence seized relating to this investigation.

c. Results of any search of any cellular phones seized from Defendant or any alleged co-actors or accomplices.

d. Any evidence obtained from any cash transfer applications relating to an alleged transfer of funds from the alleged robbery victims to the Defendant or any alleged co-actors or accomplices.

e. Results of any search of any cellular phones of any of the alleged robbery victims.

f. Any descriptions of the alleged participants in the robbery that were provided to the police officers investigating the alleged robbery, whether such descriptions were provided in writing or orally to investigating officers.

g. Any statements of any alleged co-actors/co-conspirators in the alleged robbery.

h. Any evidence seized from the scene of the alleged robbery.

The items identified in paragraphs a, c, d, e, f, and h appear to concern materials uncovered during the investigation of the case or objects or statements recovered after the arrest. Such materials are addressed under Rule 16(a)(1)(E).  Such materials are discoverable, however, the government is required to turn such materials over only  "if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant."  Fed. R. Crim. P. 16(a)(1)(E)(i)-(iii).  Paragraph b requests discovery of materials resulting from scientific testing covered under Rule 16(a)(1)(F). Similar to the above Rule, the government must provide access to the results of any scientific tests or experiments only if "(i) the item is within the government's possession, custody, or control; (ii) the attorney for the government knows-or through due diligence could know-that the item

3

exists; and (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(F)(i)-(iii). Thus, both subsections (E) and (F) are subject to limitations that must be determined in the first instance by the government. Upon the government's decision to not turn over certain requested material under the above subsections, the Defendant can then seek to compel the government to provide such material by demonstrating that one of the bases for production is established. For example, the government may choose not to use certain evidence in its case-in-chief, but the Defendant may consider such evidence material to preparation of his defense. Defendant does not identify any specific material that he has requested, and that the government has declined to produce under Rule 16. Furthermore, to the extent Mr. Johnson request the discovery of materials "made by an attorney for the government or other government agent in connection with investigating or prosecuting the case," such discovery is not permitted under Rule 16. Fed. R. Crim. P. 16(a)(2).

With respect to paragraph g, Mr. Johnson requests that the government produce statements of any alleged co-actors/co-conspirators in the alleged robbery. Pursuant to Rule 16(a)(2), "statements made by prospective government witnesses" are not subject to Rule 16 discovery and may only be produced in accordance with the Jencks Act. To the extent that a co-conspirator will not testify at trial as a government witness, it is premature to require the government to produces such co-conspirators' statements. Such statements may be admissible against a co-conspirator under certain circumstances and the government will likely be asked by Defendant to provide a proper basis for the introduction of such statements prior to introducing them at trial before the jury.

Here, there is no indication that the government is not complying with its discovery obligations. The government has already provided to Defendant, or made available to him,

4

initial Rule 16 discovery materials.  In relation to the underlying events leading up to Mr.

Johnson's arrest, Mr. Johnson was charged in Allegheny County with an alleged armed robbery.

This case was later dismissed. In response to Defendant's request, the government provided a

redacted version of the state court criminal complaint filed in Allegheny County. A few weeks

later, in response to Defendant's request, the government produced a "less-redacted" version of

the criminal complaint.  The government has also responded to additional discovery requests,

unrelated to the instant Motion.  The government has also provided to Defendant the County of

Allegheny Office of the Medical examiner's Report of Laboratory Findings on the firearm's

operability.  The government also represents that it has engaged in communications with defense

counsel concerning outstanding discovery requests and inquiries.  Finally, the government

represents that it intends to continue to adhere to its ongoing disclosure obligations, subject to

timing requirements of Rule 16 and applicable law.  Accordingly, the Motion for Discovery,

ECF No. 27, is DENIED, without prejudice.

## II.      Motion to Disclose Rule 404(b) Evidence

Mr. Johnson requests that the Court Order the government to provide notice of intent to

introduce at trial evidence of other crimes or acts not charged in the indictment pursuant to Rule

404(b).  ECF No. 29.  Federal Rule of Evidence 404(b) provides that "[e]vidence of any other

crime, wrong, or act is not admissible to prove a person's character in order to show that on a

particular occasion the person acted in accordance with the character."   Fed. R. Evid. 404(b)(1).

However, such evidence of prior bad acts "may be admissible for another purpose, such as

proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake,

or lack of accident." Fed. R. Evid. 404(b)(2).  Rule 404(b)'s notice requirements, which were

amended effective December 1, 2020,[3] provide as follows:

> **(3)  Notice in a Criminal Case**.  In a criminal case the prosecutor must:
> **(A)** provide reasonable notice of any such evidence that the prosecutor
> intends to offer at trial, so that the defendant has a fair opportunity to meet
> it;
> **(B)** articulate in the notice the permitted purpose for which the prosecutor
> intends to offer the evidence and the reasoning that supports the purpose;
> and
> **(C)** do so in writing before trial – or in any form during trial if the court,
> for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b)(3).  What constitutes "reasonable notice" depends on "the circumstances

and complexity of the prosecution."  United States v. Johnson, 218 F. Supp. 3d 454, 462 (W.D.

Pa. 2016).  In general, courts have found that what constitutes "reasonable notice" under Rule

404(b) is in the range of seven to ten days or one to two weeks prior to trial.  United States v.

Long-Parham, 183 F. Supp. 3d 746, 750 (W.D. Pa. 2016); United States v. Buckner, 2020 U.S.

Dist. LEXIS 5485, at *14–15 (M.D. Pa. Jan. 13, 2020).

Here, Mr. Johnson makes a general request for notice of 404(b) evidence; he does not

specifically ask for notice earlier than is "reasonable."  In its Omnibus Response, the government

responds that it is aware of its obligations under Rule 404(b) but has not yet identified Rule

404(b) evidence it may introduce at trial.  The government indicates that it will provide notice of

404(b) information it intends to introduce at trial at least fourteen days prior to trial.  The Court

---

[3] Federal Rule of Evidence 404(b) was amended effective December 1, 2020.  According to the Committee Note, and as set forth above, the amendment principally imposes additional notice requirements on the prosecution. The amendment also eliminated the requirement that the defendant must make a request before notice is provided.  Amended Rule 404(b) governs all proceedings commenced December 1, 2020 and thereafter, and insofar as just and practicable, to pending proceedings.  The Court finds that it is just and practicable to apply amended Rule 404(b) to cases, like the instant case, in a pretrial posture where a trial date has not been set.

finds no basis to order the government to provide Rule 404(b) evidence at this early stage.

Accordingly, Mr. Johnson's Motion to Disclose Rule 404(b) Evidence is DENIED, as premature.

### III.   Motion to Compel Production of <u>Brady</u>, <u>Giglio</u>, and Jencks Material

In Mr. Johnson's Motion to Compel Production of <u>Brady</u> Material, he also requests the production of <u>Giglio</u>, and Jencks Material.  ECF No. 31.

### A.   Request for <u>Brady</u> Materials

Mr. Johnson seeks production of all exculpatory evidence, and all material and information that may be favorable to him, pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). "In <u>Brady</u>, the Supreme Court held that due process required that [upon request] the government produce all "exculpatory" evidence, which includes both '[m]aterials ... that go to the heart of the defendant's guilt or innocence and materials that might affect the jury's judgment of the credibility of a crucial prosecution witness.'"  <u>United States v. Ramos</u>, 27 F.3d 65, 68 (3d Cir. 1994) (quoting <u>United States v. Hill</u>, 976 F.2d 132, 134-35 (3d Cir.1992)).  Once a defendant makes a request for such materials, the government is obligated to disclose such exculpatory evidence, "in time for its effective use at trial."  <u>United States v. Higgs</u>, 713 F.2d 39, 44 (3d Cir. 1983) ("No denial of due process occurs if <u>Brady</u> material is disclosed to [defendants] in time for its effective use at trial").

In its Omnibus Response, the government acknowledges its continuing obligation under <u>Brady</u> to provide Mr. Johnson with exculpatory material.  There is no indication that the government has not met its obligations under <u>Brady</u>; therefore, the Motion for production of <u>Brady</u> materials is DENIED, without prejudice.

### B.  Request for <u>Giglio</u> Material

Mr. Johnson also requests all potential impeachment material pursuant to Giglio v. United States, 405 U.S. 150, 154 (1972).  See also United States v. Perdomo, 929 F.2d 967 (3d Cir. 1991).  The Supreme Court in Giglio extended its ruling in Brady to encompass impeachment evidence relating to the credibility of a government witness.  Giglio, 405 U.S. at 154.  Any inducements or rewards given to government witnesses, including but not limited to money, grants of immunity, plea bargains, promises of leniency or recommendations thereof, or preferential treatment, would fall under impeachment evidence that must be disclosed under Brady.  See Higgs, 713 F.2d at 43 ("Evidence that government witnesses have been granted immunity and/or leniency for their cooperation is clearly relevant on the issue of their credibility").

The government notes that to provide impeachment material at this time, because it would identify the government's witnesses, may potentially place such witnesses in jeopardy. Instead, the government proposes to provide Giglio impeachment material ten days in advance of trial.  The government shall provide Giglio material in sufficient time for its effective use at trial so that it will not result in a delay of the trial or delay during the trial.  Accordingly, the Mr. Johnson's Motion for production of Giglio material is DENIED, without prejudice.

### C.  Request for Production of Jencks Act Material

Mr. Johnson also seeks production of Jencks material.  Pursuant to the Jencks Act, no statement or report made by a government witness or potential government witness "shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."  18 U.S.C. § 3500(a).  Upon motion of the defendant, "[a]fter a witness called by the United States has testified on direct examination, the court shall"

shall order the government to produce any statement of the witness, which relates to the subject matter as to which the witness has testified."  18 U.S.C. § 3500(b).

A plain reading of the statute demonstrates that there is no basis upon which the court can order the government to provide investigative statements as Jencks material prior to the time a witness has testified on direct examination at trial.  At best, a court can encourage the government to provide Jencks material encourage the government to provide the defense with Jencks Act materials in time to avoid any delays during trial.  Here, the government, aware of the potential delays by holding Jencks material until after a witness is called, states that it will provide such material ten days before trial.  Accordingly, the Court having no power to order the production of Jencks material prior to trial, Mr. Johnson's Motion for production of Jencks material is DENIED.

## IV.    Motion for Bifurcated Trial

Mr. Johnson requests that the Court bifurcate trial on the single count of possession of a firearm by a convicted felon, so that the jury would consider the question of possession, and if possession is established, the jury would then consider whether Mr. Johnson had a prior felony conviction and that he was aware of said conviction.  The government opposes bifurcation arguing that it is not required in a single-count indictment.

The United States Court of Appeals for the Third Circuit has "held that a district court [does] not err by denying a motion to bifurcate a single-count felon-in-possession trial."  United States v. Thompson, 675 F. App'x 221, 223 (3d Cir. 2017) (citing United States v. Jacobs, 44 F.3d 1219, 1222–24 (3d Cir. 1995)).  The Third Circuit has stated that "while bifurcation for single-count cases is perhaps permissible, it is certainly not required."  Thompson, 675 F. App'x at 224.  The Court concludes that bifurcation of the elements of possession and prior conviction

in a single-count indictment is not warranted.  To reduce the risk of prejudice to Mr. Johnson

from the jury learning of a prior felony conviction, the Court can give the jury a cautionary

instruction during trial and in its final instructions.  See Mod. Crim. Jury Instr. 3rd Cir. 2.13

(2020) (during trial), and Mod. Crim. Jury Instr. 3rd Cir. 6.18.922G-3 (2020) (final instructions).

Accordingly, Mr. Johnson's Motion to Bifurcate is DENIED.

## V.      Conclusion

In summary, and for the reasons stated above, Mr. Johnson's Motions are resolved as

follows.  The Motion for Discovery, ECF No. 27; is denied, without prejudice.  The Motion to

Disclose 404(b) Evidence, ECF No. 29 is denied, as premature.  The Motion for Bifurcated Trial,

ECF No. 30 is denied.  The Motion to Compel Production of Brady [Giglio, and Jencks]

Material, ECF No. 31, is denied as to the request for Jencks material, and denied, without

prejudice, as to Brady and Giglio material.


IT IS SO ORDERED.


Dated: Dec 3, 2020

Marilyn J. Horan
United States District Court Judge